In The United States
District Court For The Western District
Of Washington
At Seattle

FILED
LODGED
RECEIVED

**MAIL**

OCT 25 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

1. Daniel Teklemariam Hagos
2.                    Plantiff

*COMPLAINT*

3.
4. Suzanne Marie Parton          *Civil Action No. C19-1150-RSM-MAT*
5. Nicholas Jr. Guzley
6. Kyle Hay                      **19-CV-1733** RSM-MLP
7. Gabriel T. Ladd
                    Defendants
8.
9.               I. Jurisdiction & Venue
10.
11.  1.    This is a civil action authorized by 42 U.S.C. Section 1983 to
12. redress the deprivation, under color of state law, of rights secured
13. by the Constitution of the United States. The court has jurisdiction
14. under 28 U.S.C. Section 1331 and 1343 (a)(3). The court has
15. supplemental jurisdiction over plantiff's state law claims
16. under 28 U.S.C. Section 1367. Plantiff seeks declaratory
17. relief pursvant to 28 U.S.C. Section 2201 and 2202.
18. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C.
19. Section 2283 & 2284 and Rule 65 of the Federal Rules of
20. Civil Procedure.
21.
22.  2.    The United States District Court Western District Of Washington
23. At Seattle is an appropriate venue under 28 U.S.C. section 1391
24. (b)(2) because it is where the events giving rise to this claim
25. occurred.
26.
27.
28.

# II. Plantiff

3.      Plantiff, Daniel Teklemariam Hagos, is an African American male, is and was at all times mentioned a prisoner of the State of Washington in the the custody of the Washington King County Correctional Facility. He is currently confined in Maleng Regional Justice Center 620 West James Street. 98032, in Kent, Washington.

# III  Defendants

4.  Defendant Officer Suzanne Marie Parton is a police officer of the Washington State Seattle Police Department who, at all times mentioned in this complaint, acted under the Color of State law.

5.  Defendant Officer Nicholas Jr. Guzley is a police officer of the Washington State Police Department who, acte under the color of State law.

6.  Defendant officer kyle Hay is a police officer of the Washington State Seattle Police Department who, is the primary officer. defendant acted under the color of State law

7.  Defendant Officer Gabriel T. Ladd is a police officer of the Washington State Seattle Police Department who, acted under the color of state law.

8. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III Facts

9. On June 1, 2019, during the day-time, dispatch sent officers out on a call of some form of alledged assault. Garrett Scott reported that Mr. Hagos rammed a bicycle into Mr. Scott's mail satchel. Mr. Scott called the police. Officers arrived after the alledged assault and were not witnesses to it the allegation. Witness Kym Luittlefiled did not witness an alledged assault. He heard another witness. Tiffaney Horne, mentioned her opinion that the mailman may have escalated the situvation. Tiffany Horne heard some verbal altercation, and heard that the mailman was going to call the police. It does not appear that Ms. Horne saw any physical assault.

10. Generally, an officer cannot make an investigative stop when the officer has not made any personal observations that would justify the stop. State v. Lesnick, 84 Wn.2d 940, 943 (1975). There are exceptions. An officer's reasonable suspicion may be based on information supplied by an informant. Id.; Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). However, an informant's tip cannot constitutionally provide police with such a suspicion unless it possesses sufficient "indicia of reliability". State v. Seiler, 95 W.2d

1.    43, 47, 621 P.2d 1272 (1980). In Seiler, Our Supreme
2.    Court formulated the test for "indicia of reliability"
3.    as follows:
4.    11.    An informants tip possesses sufficient "indicia of
5.    reliability" where (1) the informant is reliable and (2) the
6.    informant's tip contains enough objective facts to justify
7.    the pursuit and detention of the suspect or the
8.    non-innocuous details of the tip have been corroborated
9.    by the police thus suggesting that the information was
10.    obtained in a reliable fashion.
11.
12.    State v. Hart, 66 Wn.App. 1, 830 P.2d 696, 700 (1992)
13.
14.    12.    The exclusionary rule in Washington provides a
15.    remedy when the government tramples upon individual
16.    rights by searching or seizing a person with no warrant,
17.    and without proving an exception to the strict warrant
18.    requirment. The remedy is suppression and the
19.    remedy is virtually absolute, regardless of whether
20.    suppression would serve as a deterrent for future
21.    similar police misconduct. See State v. Ladson 138
22.    Wn.2d 343, 979 P.2d 833 (1999). The suppression
23.    requirement not only serves as a remedy for
24.    the individual harmed, but saves the integrity of the
25.    judicial process by barring illegally obtained evidence
26.    from poisoning the court system. See id. Thus, in
27.    Washington, even an officer's good faith subjective
28.    belief that has grounds to seize, will not support the
29.

1. seizure, State v. Wallin, 125 Wn. App. 648, 663, 105
2. P.3d 1037 (2005).
3. 13.   Probable cause requires facts and
4. circumstances within the arresting officer's
5. knowledge which are sufficient to justify a
6. a reasonable belief that an offense has been
7. committed. State v. Vasquez, 109 Wn. App. 310, 34 P.3d
8. 1255 (2001); State v. Terrovona, 105 Wn.2d 632, 643,
9. 716 P.2d 295 (1986).
10. 14.   Here the court should find that the officers
11. did not have grounds to detain me in the first
12. place. While mr. scott had made an allegation against
13. me, by the time police arrived it appears that I
14. have already been peppered sprayed and at this
15. time I am unaware of corroborating witnesses.
16. 15. Moreover, the police did not have probable
17. cause to arrest me. For quite some time I
18. waited on the ground after being pepper
19. sprayed while the police contemplated an
20. ITA. Only after a spit sock was put
21. on me and officer Parton alledged spit
22. got on her, did the police seem to formally
23. search me? But here, the amount of time
24. between detention, and lack of probable cause
25. for the arrest should inform the court's
26. decision to suppress such evidence. It is
27. clear that at the time of the spitting allegation, I
28. had a spit sock placed on my head, thus negating an intent
29. element.

## V. Legal Claims

16 • The Seattle Police used excessive force.

• The Seattle Police fabricated the Probable Cause

• The Seattle Police violated The 14th Amendment Equal Treatment, Equal Protection

• The Seattle Police violated the Washington State Constitution Artical 1 Sub Section 7

• The Seattle police Violated The 4th Amendment illegal search and Seizure

• The Seattle Police had No Exigent Circumstance.

• The Seattle police injured my constitutional Rights and diprived my Rights.

• The Seattle Police treated me diffrently because I am black and The mailman being White.

## VI. Prayer For Relief

WEREFORE, Plantiff respectfully prays that this court enter judgment granting plantiff.

17. A declaration that the acts and omissions described herein violated plantiff's rights under Constitution and laws of the United States.

18. A preliminary and permanent injunction ordering defendants officer Suzanne M. Parton, Officer Nicholas

1. Jr. Guzley, Officer Kyle Hay, and officer
2. Gabriel T. Ladd to NOT harass plantiff,
3. violate plantiff's Rights, or target plantiff
4.    18. Compensatory damages in the
5. amount of $5,000 against each defendant,
6. jointly and severally.
7.    19. Punitive Damages in the amount of
8. $400,000 against each defendant.
9.    20. A jury trial on all issues triable
10. by jury
11.    21. Plantiff's costs in the suit
12.    22. Any additional relief this court
13. deems just, proper and equitable.
14.
15. Date: 10-22-19
16.         Respectfuly submitted
17.
18. Daniel Teklemariam Hagos
19. (R.J.C) 620 West James Street Kent, WA 98032
20.
21.         Verification
22.    I have read the forgoing complaint and hereby
23. verify that the matters alledged therein are true, except
24. as to matters alledged on information and belief, and,
25. as to those, I believe them to be true. I certify
26. under penalty of perjury that the foregoing is true
27. and correct.         Executed at Kent and WA on 10-22-19
28. Daniel Hagos                    Daniel Hagos

Name _____

Bkg. # _____

King County Correctional Facility

620 West James Street

Kent, WA  98032

SEATTLE WA 980

24 OCT 2019 PM 7   LEOREWEAR

USA

Barn Swallow

MAIL

_____ FILED
_____ LODGED
_____ RECEIVED

OCT 2 5 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

To: Clerk/United States District Court
United States Court House
700 Stewart Street, Suite 2310
Seattle WA 98101

98101-443999





THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016